534 F.Supp. 638 (1982)
SAFEWAY STORES, INC.
v.
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AUTOMOTIVE LODGE NO. 1486.
Civ. No. Y-81-3044.
United States District Court, D. Maryland.
March 18, 1982.
Robert A. Dufek, Richard C. Hotvedt, James J. Kelley, Washington, D. C., and Anthony W. Kraus, Baltimore, Md., for plaintiff.
Eileen McGinley Stein, Chevy Chase, Md., and William B. Peer, Washington, D. C., for defendant.

MEMORANDUM OPINION AND ORDER
JOSEPH H. YOUNG, District Judge.
This is an appeal from the award of an arbitrator appointed pursuant to a collective bargaining agreement between plaintiff Safeway Stores, Inc. (Safeway) and defendant Local Lodge 1486 of the International Association of Machinists and Aerospace Workers (Local 1486). The appeal is brought pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and the United States Arbitration Act, 9 U.S.C. § 10. Plaintiff seeks to set aside the remedial portion of the award on the ground that the arbitrator exceeded his authority under the agreement by ordering the equivalent of punitive damages.
*639 Local 1486 moved to dismiss or in the alternative for summary judgment. The Court is, therefore, entitled to treat the factual allegations of the complaint as admitted or not genuinely in issue. Meltzer v. Atlantic Research Corp., 330 F.2d 946 (4th Cir.), cert. denied, 379 U.S. 841, 85 S.Ct. 78, 13 L.Ed.2d 47 (1964); Greene v. Johns Hopkins University, 469 F.Supp. 187 (D.Md. 1979). Plaintiff opposes defendant's motion and has cross-petitioned for summary judgment. The Court finds that the undisputed facts on the record show that the arbitrator's award was punitive, and, therefore, unenforceable under Fourth Circuit law. Baltimore Regional Joint Board v. Webster Clothes, Inc., 596 F.2d 95 (4th Cir. 1979).

FACTS
Safeway is engaged in the manufacture, packaging, distribution, production, and sale of food and food-related products. As part of its business, Safeway operates a Distribution Center at Landover, Maryland, where all of Safeway's automotive machinists, diesel and truck mechanics and truck body builders, represented by Local 1486, work. Safeway and Local 1486 have a long-standing collective bargaining agreement which includes an arbitration clause.[1]
During 1980, Safeway initiated a nationwide promotional campaign with the slogan "Everything You Want in a Store and a Little Bit More." As part of the campaign, Safeway decided to install decals with this slogan on each of its 300 trailers located at the local Distribution Center. Instead of assigning the work to members of Local 1486, all of whom were working full 40-hour weeks and none of whom was denied opportunities to work overtime, Safeway assigned the decal application work to members of Local 730 of the International Brotherhood of Teamsters (Local 730). Safeway argued to the arbitrator and argues here that it assigned the decal work to members of Local 730 because they were victims of the closing of Safeway's meat packing facility. Members of Local 730 were underemployed as a result of the closing of the meat plant, and Safeway, rather than laying off some 108 employees, attempted instead to retain those employees by assigning them miscellaneous work in other areas. The decal application was the type of work that the meat packers could become proficient at after one or two applications.
The decal application was performed at the Landover Distribution Center, and of course, members of Local 1486 became aware of the operation. One of the Local 1486 members grieved, claiming that Safeway had violated its collective bargaining agreement with Local 1486 by not assigning the decal work to its members. The preliminary grievance provisions of the collective bargaining agreement were properly exhausted, and the grievance was submitted for arbitration to Arbitrator Roger B. Buchanan.
Arbitrator Buchanan held hearings on the grievance, and after submission of post-hearing briefs, he issued his opinion sustaining the grievance and awarding monetary damages to Local 1486. The decision awarded damages as follows:
It is the award of the Arbitrator that the Company, Safeway Stores, Inc., pay to the employees included in the Union's Automotive Lodge No. 1486, International Association of Machinists and Aerospace Workers "truck maintenance" bargaining unit, the amount equal to the amount paid to the non-"truck maintenance" Company employees for performing the work of placing the decals saying "Everything You Want from a Store and a Little Bit More."
This amount of money paid to the employees in the "truck maintenance" bargaining unit shall be equal to the amount of the hourly wages paid to Company *640 employees that performed the non-bargaining unit work, but does not include the cost of fringe benefits.
The sum of money paid by the Company is to be divided equally among the employees who were employed in the Union's (IAM) "truck maintenance" bargaining unit on June 9, 1980, at the Company's Landover, Maryland, operation.
Safeway claims that this award fails to draw its essence from the collective bargaining agreement, and is thus unenforceable. The Court agrees, and will, therefore, vacate the award.

DISCUSSION
The controlling standards for this Court's review of labor arbitration awards are set out in the Supreme Court's Steelworkers Trilogy, Steelworkers v. American Manufacturing Company, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); Steelworkers v. Warrior and Gulf Navigation Company, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), as interpreted by this Circuit in Baltimore Regional Joint Board v. Webster Clothes, Inc., supra, 596 F.2d 95; Westinghouse Electric Corporation, Aerospace Division v. IBEW Local 1805, 561 F.2d 521 (4th Cir. 1977); and Textile Workers Union of America v. American Thread Company, 291 F.2d 894 (4th Cir. 1961).
In Enterprise Wheel and Car Corp., the Court limited the role of the federal courts in reviewing arbitration decisions to determining whether the award "draws its essence" from the collective bargaining agreement:
[A]n arbitrator is confined to interpretation and application of the collective bargaining agreements; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.
363 U.S. at 597, 80 S.Ct. at 1361. The Fourth Circuit in Baltimore Regional Joint Board, supra, narrowed the parameters for awards of monetary damages in language which is equally applicable to the case at bar:
It is clear that in order to be entitled to compensatory damages for a contract breach, a party must have suffered some legally cognizable loss, be it manifestly monetary or measurable in monetary terms.
* * * * * *
There was simply no rational probative evidence on the record before the arbitrator that Webster's breach caused in fact a loss to its employees of any sort traditionally justifying an award of compensatory damages.
Nothing said in Enterprise Wheel negates the requirement that compensatory damages be based upon cognizable loss causally traceable to breach.
596 F.2d at 98. Applying these principles to the facts in Webster, the Fourth Circuit affirmed the district court's vacation of the award:
The award of damages in the present case does not draw its essence from the bargaining agreement, for the agreement's essence does not contemplate punitive, but only compensatory awards. Though not termed punitive, the award here given can only be such, for there is nothing in the record showing it validly compensatory, and it is manifestly not nominal. In the absence of any provision for punitive awards, and of any substantiating proof of willful or wanton conduct, an arbitrator may not make an award of punitive damages for breach of a collective bargaining agreement.
Id.
The instant case is indistinguishable from Webster Clothes. The collective bargaining agreement between Safeway and Local 1486 does not authorize an arbitrator's award of punitive damages, yet there is no evidence in the record of any cognizable loss or injury to any Local 1486 member as a result of Safeway's breach of the agreement. Undisputed evidence establishes *641 that while the Local 730 members were performing the decal work, all Local 1486 members were working full 40-hour weeks, no Local 1486 member was laid off, and no member of Local 1486 was denied normal opportunities to work overtime. Further, the award does not draw its essence from the collective bargaining agreement because the monetary award is based on the hourly wages paid by Safeway to Local 730 members, not to Local 1486 members. There is likewise no evidence that the assignment of the work to members of Local 730 was other than a good faith attempt by Safeway to prevent the lay-off of other employees in its workforce. The award is manifestly not nominal, even though the precise amount of money encompassed by the award has not been calculated. There is no rational explanation of the award other than it is punitive.[2] Such an award may not be sustained. Id.
For the above reasons, it is this 18th day of March, 1982, by the United States District Court for the District of Maryland, ORDERED:
That summary judgment BE, and the same IS, hereby ENTERED in favor of the plaintiff.
NOTES
[1] The substantive portion of the arbitration clause provides:

It is expressly understood and agreed that the arbitrator is not authorized or empowered to change, modify or add to this Agreement but is strictly limited to the interpretation and application of this Agreement in accordance with the materials submitted by the parties for his determination.
[2] Indeed, defendant recognized the punitive nature of the award by characterizing the arbitrator's actions as a ruling that Safeway "could not have the fruits of its ill-begotten [sic] gains." Defendant's Memorandum of Points and Authorities at 1. There would be ill-gotten gains in this case only if the Court were to uphold the arbitrator's award.